Argued and submitted August 11, 1980, affirmed as modified March 23, reconsideration denied April 30, petition for review denied May 19, 1981 (291 Or 9)

In the Matter of the Compensation of
Valentin S. Berov, Claimant.
BEROV,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 79-674, CA 16178)
625 P2d 675

Rita Radich, Portland, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

On March 27, 1978, claimant, a 37-year old Bulgarian-born automobile body repairman, tripped while carrying an automobile door and injured both legs and his right elbow. Upon treatment, it was discovered that he had fractured his right patella. Shortly thereafter, he developed a pulmonary embolus due to his accident and was hospitalized.

Claimant was hospitalized on two subsequent occasions in 1978 for a suspected pulmonary embolus. Examination failed to reveal embolytic disease. It was noted that he was suffering from an anxiety reaction related to his industrial injury. While claimant's physical condition improved, the psychological problems associated with his accident did not.

On May 24, 1979, a referee awarded claimant 20 percent loss of function of his right leg and 25 percent unscheduled psychological disability. SAIF appealed, contending that the award was excessive; claimant cross-appealed, alleging that he was permanently totally disabled. On November 5, 1979, the Workers' Compensation Board affirmed the order of the referee. The Board concomitantly recommended that the Field Services Division of the Workers' Compensation Department do everything possible to assist claimant in job placement and/or vocational rehabilitation.

With his appeal to this court, claimant filed a motion to submit new evidence regarding psychological treatments received after the hearing of May 23, 1979. We granted his motion after oral argument.[1]

After review of the record, together with the new evidence, we hold that the award for claimant's physical injury was adequate. In light of the new evidence, however,

---

[1] Claimant's request for submission of new evidence was based on the fact that at the time of the hearing on May 23, 1979, his psychological injury was just beginning to be explored and treated. The various evaluations and treatments performed after the date of the hearing give a clearer indication of the nature and extent of the psychological injury. Rather than remand the case for further evidence-taking, we consider this new evidence in conjunction with the appeal. ORS 656.298(6).

we conclude that claimant's award for psychological disability should be increased.

Claimant's physical problems are significant. His primary problem, however, concerns his psychological overlay. Since early on, claimant's treating physicians have commented on the anxiety and depression reaction surrounding his injury. As noted by the referee, a psychiatrist opined that claimant demonstrated moderate levels of anxiety and depression connected with his industrial accident.

The new evidence reveals that on July 31, 1979, a comprehensive psychological evaluation of claimant was conducted by Dr. Vizzard, a clinical psychologist. Dr. Vizzard reported:

> "This referral was made on the basis of at least three separate reports in which a variety of physicians indicated this man is experiencing noteable psychological difficulties relevant to his industrial injury. Most specific among these difficulties were an obvious depression and psychosomatic over concern about his physical problems.
>
> "* * * * *
>
> "Even without looking at the results of the psychological test, it is clear that Mr. Berov is strongly overfocusing on his physical problems. Behaviorly, he walks with a decided limp, favoring his painful leg, moreover, he carries with him at all times a complete file on himself.* * *
>
> "This over focus on pain and physical problems is also evident of Mr. Berov's verbal behavior. In this respect, he makes frequent complaints about pain, especially chest pain. He appears to be convinced that his chest pain is severly disabling and he is definitely afraid that it is a sign of a serious medical problem that may well spell his demise. Mr. Berov comes close to considering himself to be totally disabled physically and he is most reticent to enter a retraining program because of his alleged cardiac problem.
>
> "In actuality, it is believed that this man's chest pains are anxiety related. Similarly, his multitudeness physical complaints (covering a broad cross section of somatic systems) are felt to be related to his emotional status. Mr. Berov is clinically depressed to a relatively high level. He also demonstrates moderate levels of anxiety. Both of these emotional reactions are believed to be directly related to his inability to deal with his physical disability

and pain problems. 'I'm very limited, disabled [sic] to maintain myself.' Thus, although Mr. Berov 'accepts the facts' about his physical problems, using his apparently strong mind to fight major emotional reactions, he is having great difficulty dealing with his limitations and resulting feelings of helplessness. Additionally, he is a proud man who is trying his best to make a go of it in his new country. As if it is not bad enough he [sic] that he has to deal with all the cultural adjustments, his physical limitations only serve to magnify his problems. * * *"

## On February 4, 1980, Dr. Vizzard reported:

"* * * I must once again reiterate that I feel that this man's major problem is emotional and that further medical treatments are not likely to benefit him. Any surgical procedures are only likely to legitimize his various and extravagant pain complaints. Moreover, I do not feel that the Callahan Center will be helpful, especially since this man has already attempted the Pain Center (a more comprehensive program of the same nature as Callahan Center) and effectively failed.

"When Mr. Berov came in for his session with me, he presented himself as a very helpless victim of his pain. He talked in a very low and helpless voice and noted that the relaxation therapy which he had been using, both with me and in the Pain Center, had been helpful for a while, but no longer was assisting him with his pain relief. This man practically pleaded for further treatment, noting that he saw my services as the only resort. * * *

"* * * * *

"In summation, I do not feel that there is anything further that I can do for Mr. Berov. He has been put through a wide variety of treatments, both with myself and other resources, such as the Pain Center. In all cases, he has continued to cling determinedly to his pain, making little or no progress and in some cases, actually encountering a worsening of his condition. I need to frankly state that Mr. Berov seems to be most unwilling (at an either conscious or unconscious level) to give up his pain and pain behaviors by way of learning some of the many coping mechanisms which have been presented to him but which have failed rather drastically. At this point, I have one more appointment scheduled with him, at his request.* * * In that session, I intend to tell him that there is nothing further that I can do for him and to formally sever our relationship."

While claimant has failed to establish permanent total disability, ORS 656.206(3), we conclude that his award for unscheduled psychological disability should be increased to 50 percent. The award of 20 percent for physical disability is affirmed.

Affirmed as modified.